IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAENA GERALD, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 15-cv-11123 |
| v. ) ) | **JURY TRIAL DEMANDED** |
| DOORDASH, INC., a Delaware corporation, ) ) ) ) | |
| Defendant. ) | |

## CLASS ACTION COMPLAINT

Plaintiff Shaena Gerald ("Plaintiff") brings this Class Action Complaint against Defendant DoorDash, Inc. ("DoorDash"), on behalf of herself and all others similarly situated, and complains and alleges upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### I. NATURE OF THE ACTION

1. DoorDash is an on-demand delivery service. DoorDash's customers order meals from local merchants, and DoorDash delivers the orders to the customers. DoorDash solicits individuals to become the persons who deliver the ordered meals, known as "Dashers."

2. In an effort to solicit individuals to become Dashers, DoorDash sent, or directed to be sent on its behalf, unsolicited text messages to the wireless telephones of Plaintiff and each of the members of the Class without prior express consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

3. In order to redress these injuries, Plaintiff seeks: (a) an injunction requiring DoorDash to cease all of its unsolicited text message activities; (b) an award of statutory damages to the Class members under the TCPA; and (c) costs and reasonable attorneys' fees.

## II. JURISDICTION AND VENUE

*Subject Matter Jurisdiction*

4. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331, because it arises under the laws of the United States.

*Personal Jurisdiction*

5. This Court has personal jurisdiction over DoorDash, pursuant to the Illinois long-arm statute, 735 ILCS 5/2-209, because a substantial portion of the wrongdoing alleged in this Complaint took place in or was directed toward the State of Illinois. DoorDash, by sending mass text messages into this State soliciting business, has sufficient contacts in this State to render the exercise of jurisdiction by this Court permissible.

*Venue*

6. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims occurred in this District.

## III. PARTIES

*Plaintiff*

7. Plaintiff is an individual domiciled in Cook County, Illinois.

*Defendant*

8. DoorDash is a corporation organized in and existing under the laws of the State of Delaware with its principal place of business located at 565 Stanford Avenue, Palo Alto, California 94306.

## IV. FACTUAL BACKGROUND

*Background on Unsolicited SMS Activity*

9. In recent years, companies who have often felt stymied by federal laws limiting solicitation by telephone, fax machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

10. One of the most prevalent alternatives is bulk advertising through so-called Short Message Services. "Short Message Services" or "SMS" is a messaging system that allows for the transmission and receipt of short text messages (usually no more than 160 characters) to and from wireless telephones.

11. SMS messages are directed to a wireless device using the telephone number assigned to the device. When an SMS message is successfully made, the recipient's wireless phone rings, alerting him or her that a message is being received. As wireless telephones are inherently mobile and are frequently carried on their owner's person, SMS messages may be received by the called party virtually anywhere in the world.

12. According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—sent directly to user's cell phones."[1] In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone."[2]

13. Unlike more conventional advertisements, SMS message advertisements can actually cost their recipients money because wireless phone users must pay their wireless service

---

[1] Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010), http://www.pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx (last visited Aug. 4, 2015).

[2] *Id.*

providers either for each text message they receive, or incur a usage allocation deduction to their text messaging plan, regardless of whether the message is authorized.

14. On July 10, 2015, the Federal Communications Commission issued a Declaratory Ruling that further acknowledged the "costly" and "particularly intrusive" nature of unwanted text messages, stating that "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the Commission."[3]

*Defendant's Unsolicited SMS Message to Plaintiff*

15. DoorDash encourages individuals to become Dashers, who deliver meal-orders to DoorDash customers.

16. In 2015, Plaintiff began the sign-up process to become a Dasher.

17. As part of the application process, Plaintiff was required to fill-in a box with her wireless phone number, as illustrated below:



---

[3] *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Declaratory Ruling and Order*, CG Docket No. 02-278, ¶1 (FCC July 10, 2015).

18. Plaintiff did not make her wireless phone number available for DoorDash to send text messages to her wireless phone.

19. Plaintiff did not desire DoorDash to send text messages to her wireless phone.

20. Plaintiff did not complete the application process and did not submit the application.

21. Plaintiff did not provide prior express consent to receive automated text messages to her wireless phone at any point during the application process.

22. Nevertheless, as part of its effort to recruit Dashers, DoorDash sent and continues to send unsolicited text messages to Plaintiff's and the Class members' wireless phones without prior express consent.

23. On or about November 22, 2015, DoorDash sent the following two text messages to Plaintiff's wireless phone:



24. The "from" field of the transmissions was identified as "(650) 450-4940."

25. DoorDash uses the number (650) 450-4940 to send automated text messages.

26. Accordingly, DoorDash designed a recruitment plan to send text messages to individuals who began an application to become a Dasher, even though the individuals never completed and submitted their applications.

## V. CLASS ALLEGATIONS

27. Plaintiff brings this action, as set forth below, on behalf of herself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All individuals in the United States to whom Defendant DoorDash, Inc. sent a non-emergency, unsolicited text message to the individuals' wireless telephones, through the use of an automatic dialing system, at any time within the four years prior to the filing of the instant action (the "Class").

Excluded from the Class are DoorDash and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

28. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

29. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers who have been damaged by DoorDash's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from DoorDash's books and records. Class members may be notified of the pendency of this action by recognized,

Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

30. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

   a. Whether the equipment DoorDash used to send the text messages in question was an automatic telephone dialing system as contemplated by the TCPA;

   b. The manner in which DoorDash compiled its list of wireless telephone numbers, including Plaintiff's;

   c. Whether DoorDash sends text messages to individuals, even though they did not complete and submit applications to become a Dasher;

   d. Whether DoorDash's conduct constitutes a violation of the TCPA;

   e. Whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief, and in what amount(s);

   f. Whether Plaintiff and the Class are entitled to treble damages based on the willfulness of DoorDash's conduct; and

   g. Whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

31. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claim is typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

32. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the other Class members she seeks to represent; she has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to

prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiff and her counsel.

33. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** DoorDash has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

34. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against DoorDash, so it would be impracticable for Class members to individually seek redress for DoorDash's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI. CLAIMS ALLEGED

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of the Class)

35. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

36. DoorDash sent unsolicited text messages to the wireless telephone numbers of Plaintiff and the other Class members *en masse* without their prior express consent.

37. DoorDash sent the text messages, or had them sent on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

38. DoorDash utilized equipment that sent the text messages to Plaintiff and other Class members simultaneously and without human intervention.

39. By sending the unsolicited text messages to Plaintiff and the Class, DoorDash has violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of DoorDash's unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the unsolicited text messages on their wireless phones and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

40. Should the Court determine that DoorDash's conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## VII. JURY DEMAND

41. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Shaena Gerald, individually and on behalf of the Class, requests that the Court enter an Order as follows:

A. Certifying the Class as defined above, appointing Plaintiff Shaena Gerald as the representative of the Class, and appointing her counsel as Class Counsel;

B. Awarding statutory damages;

C. Requiring DoorDash to cease all text message activities initiated without prior express consent, and otherwise protecting the interests of the Class;

D. Awarding of reasonable attorneys' fees and costs; and

E. Awarding such other and further relief that the Court deems reasonable and just.

Dated: December 14, 2015

Respectfully submitted,

By: *s/ Joseph J. Siprut*

Joseph J. Siprut
*jsiprut@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000
Fax: 312.241.1260

*Counsel for Plaintiff
and the Proposed Putative Class*

4838-8387-9980, v. 1